UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ROBERT BOOKER, et al.                                              PLAINTIFF

v.                              CIVIL ACTION NO. 3:02-CV-569-S

CHIEF MICHAEL HORTON, et al.                              DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on motion of the defendant, Chief Michael Horton, in his individual capacity ("Horton"), for summary judgment (DN 59). The plaintiffs, Larry Lewis and Alphonso Taylor (collectively the "plaintiffs"), allege that their federal constitutional and state rights were violated when they were subjected to strip searches in full view of other inmates. For the reasons described below, we will grant summary judgment for Horton, in his individual capacity, by a separate order entered this date.

## BACKGROUND

The plaintiffs allege in the second amended complaint that on October 5, 2001, they were housed together in Dormitory 3-6B of the Jefferson County Corrections Department. The complaint further alleges that on October 5, 2001, all of the Dormitory 3-6B inmates were ordered out of the dormitory and separated into groups of four to six. These groups were taken to various locations including the gymnasium, serving area, visiting room, and/or multipurpose room. Once there, the inmates were ordered to remove all of their clothing and submit to strip searches. The strip searches were conducted in full view of the other dormitory inmates, and in full view of inmates housed in other dormitories.

The plaintiffs have filed suit against Horton, inter alia, under 42 U.S.C. § 1983, claiming violations of the Fourth, Eighth and Fourteenth Amendments with supplemental state law claims, in connection with the strip searches conducted on October 5, 2001. Horton has moved for summary judgment claiming that he had no personal involvement in the strip searches and that the plaintiffs' proof is not sufficient to establish supervisory liability.

## DISCUSSION

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* at 2510. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. V. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

Although the plaintiffs have filed suit against Horton in both his official and individual capacity, Horton only seeks summary judgment on the claims brought against him in his individual capacity. Individual-capacity suits filed under section 1983 "seek to impose personal liability upon a government official for actions he takes under color of state law." *Ky. v. Graham*, 473 U.S. 159,

165 (U.S. 1985). Horton claims that he is entitled to summary judgement because there is no dispute regarding whether he directly participated in the actual strip searches. The plaintiffs do not dispute that Horton was not involved with the actual strip searches, but do argue that genuine issues of material facts exist regarding: (1) whether Horton ordered or authorized the unconstitutional strip searches, and/or (2) whether he was deliberately indifferent to the constitutional rights of the plaintiffs by failing to properly train his correctional officers in such a way as to ensure their knowledge of the strip search privacy policy.

"The law is clear that liability of supervisory personnel must be based on more than merely the right to control employees." *Hays v. Jefferson County*, 668 F.2d 869, 872 (6th Cir. 1982). The Sixth Circuit in *Bellamy v. Bradley*, 729 F.2d 416 (6th Cir. 1984), held that:

> Section 1983 liability will not be imposed solely upon the basis of respondeat superior. There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

The plaintiffs argue that deposition testimony of Officer Steven Logsdon ("Logsdon") reveals that Horton authorized the "unconstitutional" strip searches. Logsdon testified that "Captain Williams ... and Lieutenant O'Loughlin ... informed me that they had permission, through the chief of corrections [Horton], – that there was possibly some contraband in one of the dorms – and they had the okay to strip search the dorm...." Logsdon Depo. at 4:15-20.

This evidence is insufficient to show that Horton authorized the unconstitutional strip searches. "The Federal Rules of Civil Procedure requires statements considered in disposing of a motion for summary judgment to be 'admissible in evidence' and 'made on personal knowledge.'" *Ellis v. Jamerson*, 174 F. Supp. 2d 747, 751 (E.D. Tenn. 2001)(citing, Fed. R. Civ. P. 56(e)). We do not find that Logsdon's testimony stating that Horton authorized the "unconstitutional" strip searches complies with this rule. Although Logsdon testified that Horton gave approval to conduct

- 4 -

the strip searches, he also testified that he had never personally spoken with nor heard Horton discuss the strip searches. Logsdon Depo. at 42:9-15. Therefore, Logsdon's testimony is not from his personal knowledge and is inadmissible hearsay. "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c).

The plaintiffs also argue that Horton "abandoned his duty to implement a strip search policy that would prevent unconstitutional strip searches." Plaintiffs Response p. 3. The plaintiffs state that although Horton established suitable policies and procedures regarding strip searches, he failed to train his officers regarding those procedures. "Failure to train liability, however, attaches to a municipality rather than to an individual defendant." *Caldwell v. Moore*, 968 F.2d 595, 600 (6th Cir. 1992). Therefore, this argument is not sufficient to hold Horton, in his individual capacity, liable.

Nor is it sufficient to argue that Horton is individually liable based on his status as the plaintiffs' custodian. The plaintiffs cite *Williams v. Kentucky Board of Education*, 113 S.W.3d 145 (Ky. 2003), for the proposition that Horton is responsible for preventing foreseeable harm. However, the plaintiffs do not allege that their injuries were reasonably foreseeable.

Therefore, based on the reasons above, we conclude that Horton's motion for summary judgment should be granted.